CLD-133                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1490
_____

JOSE DE JESUS DIAZ-VILLALPANDO,
a/k/a JOSE DIAZ,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-948-608)
Immigration Judge:  Honorable Walter Durling
_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
April 9, 2015

Before: FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: April 29, 2015 )
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Petitioner Jose De Jesus Diaz-Villalpando (hereafter referred to as Diaz) seeks review of a final decision by the Board of Immigration Appeals ("BIA") denying a motion to reopen his removal proceedings. For the reasons that follow, we will deny the petition for review and motion to stay removal.

Diaz is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident in 1988. After pleading guilty, Diaz was convicted in the United States District Court for the District of Hawaii on October 6, 2008, of conspiracy to possess with intent to distribute and distributing in excess of 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. He was sentenced to 180 months of imprisonment. Diaz was thereafter served with a Notice to Appear on December 2, 2013, charging him as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony, and pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), for having been convicted of a controlled substance violation. Diaz sought to have the removal proceeding terminated, arguing that he planned to collaterally attack his criminal conviction on grounds of ineffective assistance of counsel. Petitioner further argued that he had derived citizenship through his father, and thus could not be removed.

The Immigration Judge ("IJ") noted that petitioner had conceded the removal charges, and those charges were sustained. With respect to any collateral challenge Diaz may have planned to file against his criminal conviction, the IJ concluded that the conviction was nonetheless final for immigration purposes. Finally, the IJ noted Diaz's

2

concession that he was under 18 years of age when he was admitted. Because his mother married his father before Diaz reached the age of 18, she needed to have also been a citizen in order for him to derive citizenship under the former INA § 321, 8 U.S.C. § 1432(a) (repealed 2000). Diaz's mother, however, is still a permanent resident of the U.S. The IJ therefore refused to terminate the proceeding and ordered Diaz removed to Mexico. See Certified Admin. R. ("A.R.") at 111-114.

In an order issued on April 24, 2014, the BIA affirmed the IJ's holding that Diaz could not claim derivative U.S. citizenship through his parents. The BIA further affirmed the IJ's holding that Diaz's conviction is final and establishes removability in the absence of any evidence that the conviction had been overturned. Diaz's contention that he had an argument to make under Padilla v. Kentucky, 559 U.S. 356 (2010), fared no better given the Supreme Court's decision in Chaidez v. United States, 133 S. Ct. 1103 (2013), that Padilla does not apply retroactively to a defendant, like Diaz, whose conviction became final before the case was decided. The BIA also noted that Diaz's drug trafficking conviction renders him ineligible for most forms of relief from removal, and that he had not articulated a prima facie claim for deferral of removal under the Convention Against Torture. The BIA thus dismissed the appeal. See A.R. at 27-28. Nothing in the administrative record indicates that Diaz sought review of the BIA's decision.

Instead, Diaz returned to the BIA on November 17, 2014, and filed a motion to reopen. See A.R. at 9-11. Noting that Diaz did not explain the late date of his filing, and

3

finding no applicable exception to the filing deadline, the BIA denied the motion in an order issued on December 12, 2014. Id. at 2-3. The BIA noted Diaz's argument that he had been convicted of the crime underlying his removability without having been advised of the immigration consequences of his guilty plea. However, the BIA once again concluded that Diaz's conviction remains final for immigration purposes unless and until it is overturned. The BIA further concluded that Diaz's character evidence did not persuade it to find an exceptional situation warranting sua sponte reopening or reconsideration.

A timely petition for review to the Court of Appeals for the Ninth Circuit followed, along with a motion for stay of removal. As Diaz's removal proceedings were conducted in York, Pennsylvania, the Ninth Circuit transferred Diaz's petition and request for stay of removal to this Court. It also vacated the temporary stay order it had previously issued. The Government opposes Diaz's request for a stay of removal and has filed a motion to summarily deny his petition for review.

We initially note that our jurisdiction under 8 U.S.C. § 1252(a) is limited in the instant case to the BIA's ruling of December 12, 2014, denying Diaz's motion to reopen.[1] Diaz did not timely petition for review of the BIA's ruling of April 24, 2014, dismissing

---

[1] In his Informal Brief, Diaz references "federal court" jurisdiction pursuant to 28 U.S.C. § 2241. Section 2241 details, inter alia, a court's jurisdiction to hear applications for a writ of habeas corpus. There is no indication in this case that Diaz ever sought relief pursuant to § 2241. We will thus assume its mention as a basis of our jurisdiction was in error and exercise jurisdiction under § 1252(a).

4

his administrative appeal.  We thus lack jurisdiction to review that ruling.  See Stone v. INS, 514 U.S. 386, 405 (1995); see also Nocon v. INS, 789 F.2d 1028, 1033 (3d Cir. 1986).  Additionally, because Diaz was convicted of an aggravated felony, our jurisdiction is limited to review of constitutional claims and questions of law. Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005); § 1252(a)(2)(D).

We further lack jurisdiction to review the BIA's discretionary decision denying sua sponte reopening, see Calle–Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003), although we may consider whether the BIA's decision "is based on a false legal premise."  Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011).  Diaz has not raised any obvious questions of law with respect to the BIA's sua sponte determination.  To the extent we have jurisdiction, we review the BIA's denial of a motion to reopen for abuse of discretion.  Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).  The BIA's decision will be upheld unless it was "arbitrary, irrational, or contrary to law."  Id.

A motion to reopen must be filed no later than ninety days after the date on which the final administrative decision was rendered.  8 U.S.C. § 1229a(c)(7)(C)(i).  In this case, the BIA dismissed Diaz's administrative appeal on April 24, 2014.  Diaz's motion to reopen – which was dated November 3, 2014 – was filed on November 17, 2014, well beyond the ninety-day period.  Moreover, Diaz fails to even argue that the BIA erred in determining that his motion to reopen was not timely filed, and no exceptions are evident. See, e.g., § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

To the extent that Diaz tries to argue for the first time in his Informal Brief that he

5

is eligible for a waiver of inadmissibility under former INA § 212(c), 8 U.S.C. § 1182(c), the Government is correct that we are without jurisdiction to review such an argument that has not been administratively exhausted. See § 1252(d). Additionally, Diaz's arguments with respect to the legality of his conviction in the U.S. District Court for the District of Hawaii afford him no bases to challenge the BIA's decision. The BIA correctly concluded that any purported collateral challenge Diaz has filed or intends to file does not affect the finality of his criminal conviction for immigration purposes unless and until that conviction is overturned. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).

Turning to the last remaining issue in his Informal Brief, Diaz states that he "should be treated [like] a derived U.S. citizen." See Pet'r's Br. at 9. The issue of derivative citizenship is a purely legal question of statutory interpretation. See Morgan v. Att'y Gen., 432 F.3d 226, 229 (3d Cir. 2005). Because there is no genuine issue of material fact, we have jurisdiction to consider Diaz's citizenship claim. See § 1252(b)(5)(A). As relevant here, if a child's parents are both living and are not "legal[ly] separat[ed]," then derivative citizenship is available only upon "[t]he naturalization of *both* parents" and only if the "child is under the age of eighteen years." See § 1432(a)(1), (4).[2] Diaz concedes that his mother is still married to his father and that she is a lawful

---

[2] Section 1432(a) was repealed and replaced by current INA § 320, 8 U.S.C. § 1431, when it was enacted in 2000 as part of the Child Citizenship Act. See Morgan v. Att'y Gen., 432 F.3d 226, 230 n.1 (3d Cir. 2005). The current statute "does not apply retroactively to persons . . . who turned eighteen before" its enactment. Id. Diaz turned

permanent resident.  <u>See</u> A.R. at 119.  Diaz thus did not derive citizenship from his parents.

Accordingly, we grant the Government's motion and will deny the petition for review.  We deny Diaz's motion for a stay of removal as moot.

---

eighteen in 1989.